People v Morales (2025 NY Slip Op 06199)

People v Morales

2025 NY Slip Op 06199

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-08408

[*1]The People of the State of New York, respondent,
v
Luis Morales, appellant. 

Twyla Carter, New York, NY (Clara Hammond-Oakley of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky of counsel; Phillip Getsin on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Marina Cora Mundy, J.), dated August 9, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of one count of course of sexual conduct against a child in the second degree. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court found that the defendant was a presumptive level two sex offender, denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Bigelow, 175 AD3d 1443, 1443, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Tleis, 222 AD3d 1012, 1012, quoting People v Bigelow, 175 AD3d at 1444; see People v Gillotti, 23 NY3d 841, 861).
Here, the defendant's good behavior in prison, completion of sex offender treatment, and lack of any prior criminal history were adequately taken into account by the Guidelines (see People v Cangiano, 234 AD3d 885, 886; People v Hernandez, 225 AD3d 903, 904). While the defendant's advanced age may constitute a basis for a downward departure, the defendant failed to demonstrate that his age constituted an appropriate mitigating factor where, as here, the defendant was almost 60 years old at the time of his offenses (see People v Cangiano, 234 AD3d at 886; People v Wolbert, 207 AD3d 483). Moreover, contrary to the defendant's contention, being scored a low risk by alternate assessment instruments does not qualify as an appropriate mitigating factor [*2](see People v Cangiano, 234 AD3d at 886; People v Zubradt, 224 AD3d 856, 857). The remaining mitigating factors identified by the defendant do not warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court